UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ASSOCIATED HOLDINGS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-10008** |
| **STEWART AND STEVENSON SERVICES, INC.** | **SECTION "A" (3)** |

REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Enforce Settlement #10, which was referred to the undersigned Magistrate Judge for hearing, findings and recommendations.[1] The matter was the subject of briefing and oral hearing,[2] following which the matter was deemed submitted for determination. For the following reasons, **IT IS RECOMMENDED** that Plaintiff's Motion for Settlement #10 be DENIED and that the case be placed back on the active docket *and set for trial on the merits.*

BACKGROUND

On November 14, 2006, Associated Holdings, LLC ("Associated Holdings") brought this suit for redhibitory defect of property it purchased *via* "Cash Sale" from Stewart and Stephenson Services, Inc. ("Stewart") situated on land adjacent to the Harvey Canal. Plaintiff paid $408,700.00 for the subject warehouse facility, which was constructed on a concrete slab.[3]

---

[1] *See* Order of Reference dated March 13, 2008 [Doc. #13].

[2] *See* Associated Holding's Motion for Settlement [Doc. #10]; Memorandum in Opposition filed by Stewart & Stevenson [Doc. #12]; Order dated 3/14/08 (setting oral hearing) [Doc. #14].

[3] *See* Cash Sale by Stewart & Stevenson Services, Inc. (Successor by merger of Stewart & Stevenson Realty) with all legal warranties and with full substitution and subrogation in and to all rights and actions of warranty which they have or may have against all preceding owners and

After the purchase, Associated Holdings discovered diesel fuel leaking through the clam shell subsurface of the property.  It is undisputed that U.S. Risk conducted an environmental survey and determined that the source of the diesel fuel migrating to the surface of the property was a buried contaminated fuel tank.   Associated Holdings seeks recovery of remediation costs, reduction in purchase price or rescission of sale, damages, attorney's fees and costs.

American Holdings notes that remediation continues to date with the operation of a sump, a water well for testing and monthly testing of ground water for contaminants.  Plaintiff alleges that Stewart should have known of this hidden defect in the property but, in any event, failed to disclose same prior to the act of sale.  As previously noted, it is undisputed that the cash sale at issue was with full warranties, including warranties against redhibitory defects.

The case was set for bench trial on January 30, 2008, with a January 10, 2008 pretrial conference.  The parties settled reached a settlement agreement without the participation of the undersigned Magistrate Judge.   A telephone conference with the undersigned on January 8, 2008 did not resolve the impasse regarding the provisions in the proposed release.

The "hold up" is the terms of the release document drafted by Stewart.  American Holding's position is that said terms are inconsistent with the written agreement to settle the case.  Stewart's contention is that the language in the release document is entirely consistent with the parties' agreement to settle; it further emphasizes certain salient language in the agreement which plaintiff does not discuss – *i.e.*, that Stewart accepted American Holding's

---

vendors to Associated Holdings, L.L.C. executed October 22, 2005 (regarding property located on the west side of the "Harvey Canal" bearing municipal number 1155 Destrehan Avenue, Harvey, Louisiana for the sum of Four Hundred Eight Thousand Seven Hundred and NO/100 ($408,700.00) Dollars cash paid in current money to sellers) [Plaintiff's Exh. "A"/Doc. #10-3].

settlement offer of $85,000.00 "subject to the execution of settlement documents acceptable to the [defendant]."[4] The Court notes that $85,000.00 is approximately one-fifth of the purchase price set forth in the "Cash Sale" of the property at issue.

## ASSOCIATED HOLDINGS MOTION TO ENFORCE

Plaintiff seeks to enforce settlement involving Stewart's cash tender in the amount of $85,000.00 in return for a full release of all claims against Stewart, an agreement to indemnify Stewart from all claims relating to the contamination issue in the case and the delivery of a no action letter to the Louisiana Department of Environmental Quality ("DEQ") after completion of remediation, including the dismissal of the captioned case with each party to bear its own costs.

Associated Holdings contends that Stewart submitted a Proposed Settlement Agreement and Release which materially altered the terms of the agreement. More particularly, plaintiff's position is that Stewart's release seeks more than it bargained for – *i.e.*, a release from any and all claims, known or unknown, relating to the property at issue, as opposed to claims relating to the contamination issue. Associated Holdings seeks to enforce the agreement as written on August 31, 2007.

Stewart's position is that release tendered is consistent with and contains the same terms to which the parties previously agreed. Stewart argues that Associated Holdings has mischaracterized the scope and terms of the release. Additionally, Stewart contends that plaintiff is attempting to restructure the settlement agreement because it miscalculated the cost of remediating the property at issue.

---

[4]*See* Stephen Schott's Email Acceptance on behalf of Stewart dated August 30, 2007 [Stewart Exh. "B"/Doc. #10-3].

Stewart highlights that their settlement negotiations always contemplated a full and general release not only of claims asserted but those that could have been asserted and that all of the parties' e-mail communications so demonstrate.

## THE COMMUNICATIONS AND THE PROPOSED RELEASE

The parties' communications do in fact contemplate execution of a "full and general release" of claims that "were or could have been asserted against the defendant" and indemnification "from and against any and all claims by third parties and environmental agencies relating to the alleged contamination at issue in the case."[5]

The proposed Settlement and Release Agreement at issue provides that Stewart shall be released from liability for:

> any and all objections, claims, demands, liabilities, costs, losses, expenses, damages, actions, causes of action, lawsuits, and judgments of any and every kind, whether known or unknown, contingent or absolute, liquidated or unliquidated, anticipated or unanticipated, asserted or unasserted, in any way relating to arising out of (a) the Property; (b) Associated's purchase, ownership, and use of the Property; ( c ) the DEQ Matter; (d) the Litigation; and (e) any and all aspects of the foregoing, collectively the "Matters Covered by the Release."

*See* Unexecuted Settlement and Release Agreement provided to Plaintiff by Stewart on September 14, 2007 (Plaintiff's Exhibit "C"/Doc. #10-5).

Originally, Stewart was authorized to offer Associated Holdings $70,000.00 to fully settle the case and that original offer contemplated the plaintiff's execution of "a full and general release."  *See* E-mail Correspondence from Stephen Schott dated May 16, 2007 [Stewart's Exh. "A"/Doc. # 12-12].  Associated Holdings' counter demand was for monetary payment of $85,000.00 from Stewart in exchange for dismissing the complaint, with prejudice.  It is

---

[5]*See* Email Correspondence dated August 30, 2007 from Stephen Schott (agreeing to Associated Holding's offer of settlement)[Stewart's Exhibit "B"/Doc. #12-2].

undisputed that, on August 30, 2007, Stewart agreed to that settlement offer subject to the execution of settlement documents that were acceptable to it.  Counsel for Stewart accepted on its behalf stating:

> My client has accepted your client's [Associated Holdings's] $85,000.00 settlement offer subject to the execution of documents acceptable to my client [Stewart], which will include or require a full release by your client [Associated Holdings] of
> *[1] all claims that were or could have been asserted against [Stewart],*
> [2] an agreement by [Associated Holdings] to defend, hold harmless and indemnify [Stewart] from any and all claims by third parties and environmental agencies relating to the alleged contamination issue in this case,
> [3] receipt of a no further action letter from the DEQ after your client completes the remediation, and
> [4] a dismissal, with prejudice, of the above-referenced matter, with each party to pay its own respective attorney's fees and court costs.

*See* Email Correspondence dated August 30, 2007 from Stephen Schott (also noting that he would prepare the settlement documents) (emphasis added) [Stewart's Exhibit "B"/Doc. #12-2].

Clearly, Stewart's acceptance of plaintiff's settlement offer was conditioned on first and foremost "a full release by [Associated Holdings] of *all claims that were or could have been asserted against [Stewart]." Id.* (emphasis added).  Stewart correctly notes that the aforesaid acceptance language contains no qualification that the release would apply only to the claims actually asserted in this case and, to the contrary, provides that the release would cover any and all claims that were or could have been asserted against the defendant, Stewart.

Plaintiff's counsel responded favorably on August 31, 2007 stating: "Please forward the proposed settlement documents at your first convenience, and we'll endeavor to wrap this up quickly." *Id.*  On September 14, 2007, defense counsel forwarded the proposed settlement agreement and three weeks later, on October 5, 2007, plaintiff's counsel first argued that the release language was overly broad and thereafter refused to sign the Settlement and Release

5

documents.

Stewart's proposed full and general release enumerates the type of claims encompassed by the "all claims" language and the various manners in which such claims might arise. Moreover, this Court cannot ignore the language in Stewart's acceptance which provides that plaintiff's settlement offer was accepted "subject to the execution of settlement documents acceptable to the [defendant]."  E-mail Correspondence date August 30, 2007 [Stewart's Exh. "B"/Doc. # 12-2].  Moreover, the only limiting language contemplated was solely with respect to indemnification, to wit: "an agreement by [Associated Holdings] to defend, hold harmless and indemnify [Stewart] from any and all claims by third parties and environmental agencies *relating to the alleged contamination issue in this case*." *Id.* (emphasis added).  Apparently, Associated Holdings has confused those two provisions set forth in Stewart's acceptance – *i.e.*, the first being a full and general release and the second being the limited indemnification and hold harmless aspect of their agreement.

## RECOMMENDATION

Because the language at issue in all of its permutations envisions the expectation of a full and unlimited release of *all claims* by Associated Holdings in Stewart's favor,

**IT IS RECOMMENDED** that:

(1) Associated Holding's Motion to Enforce Settlement #10 be DENIED; and

(2) This case be returned to the active docket and SET FOR TRIAL ON THE MERITS forthwith.

New Orleans, Louisiana this 28th day of April, 2008.

_____
DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE